UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASPHALT SYSTEMS, INC., | ) | CASE NO. 1:22-cv-355 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| UNIQUE PAVING MATERIALS, CORP., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## I. Procedural History

On March 19, 2024, Defendant Unique Paving Materials, Corp. moved to stay the case pending the outcome of a petition for *inter partes* review ("IPR") that Defendant Unique intended to file with the United States Patent and Trademark Office ("USPTO"). (ECF No. 48). Plaintiff opposed the motion. (ECF No. 52). Defendant Unique replied in support of its motion on April 9, 2024. (ECF No. 54).

On April 2, 2024, the Court continued the claim construction hearing scheduled for April 17, 2024. (ECF No. 53). In that order, the Court stated, "[i]f Defendant does not file an IPR petition by the April 19, 2024 deadline, then the motion to stay will be moot and the claim-construction hearing will proceed shortly thereafter." (*Id.*). The Court ordered Defendant Unique to file a status update by May 2, 2024, regarding whether the IPR petition was filed and the status of that petition. (*Id.*).

On May 2, 2024, the Court received a status report from Defendant Unique indicating that it did not file an IPR petition by the April 19, 2024 deadline "due to unforeseen circumstances" and that it filed for ex parte reexamination of Plaintiff's patent instead. (ECF No. 55). Defendant

1

Unique also filed a renewed motion to stay, requesting that the Court stay the case pending ex parte reexamination. (ECF No. 56). On May 16, 2024, Plaintiff opposed the renewed motion to stay and argued that Defendant Unique failed to meet the burden to justify a stay. (ECF No. 58). Defendant Unique replied in support of its motion. (ECF No. 59).

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court has broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The burden is on the party seeking the stay to show "there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Id*.

Plaintiff provided a five-factor analysis in its opposition briefing (ECF No. 58, PageID #1633), but both parties agreed to the elements of a three-factor test to decide whether to grant a stay of litigation pending USPTO reexamination. (ECF No. 56, PageID #2;[1] ECF No. 58, PageID #1633–34). The Court will apply the three-factor test because no party contested its applicability. The three factors that courts commonly consider are "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Ravin CrossBows, LLC v. Hunter's Manufacturing Company, Inc.*, 2023

---

[1] ECF No. 56 does not have headers identifying the PageID numbers, so the page number references the internal pagination of that document.

WL 4847606, *2 (N.D. Ohio July 28, 2023).

### III.     Analysis

*1. Undue Prejudice or Tactical Disadvantage to Non-Moving Party*

Defendant Unique argues that Plaintiff will not be unduly prejudiced by a stay because it is moving for a stay on the same day it filed its request for ex parte reexamination. (ECF No. 56, PageID #4). Defendant Unique contends that any prejudice caused by delay due to the reexamination process is not sufficient to prevent a stay. (*Id*. at PageID #2 (citing *A. Schulman, Inc. v. Polyone Corp.*, 2015 WL 12763625, *2 (N.D. Ohio Dec. 11, 2015); *Allied Erecting and Dismantling Co., Inc., v. Genesis Equip. and Mfrg., Inc.*, 2010 WL 3239001, *2 (N.D. Ohio Aug. 16, 2010)).

Plaintiff alleges that Defendant Unique is in direct competition with Plaintiff in the asphalt preservation market and Plaintiff is seeking injunctive relief from both Defendants due to this irreparable harm. (ECF No. 58, PageID #1637). Plaintiff notes that Defendant Unique attempted to shift the burden to Plaintiff to show prejudice, but it is the burden of the moving party to justify the stay and show that non-moving parties will not suffer harm from entry of a stay. (*Id*. at PageID #1638). Plaintiff argues that the amount of time for ex parte reexamination will exacerbate the prejudice inherent in the delay of resolution of issues involving direct competitors. (*Id*. at PageID #1638–39). Plaintiff cites the average time for ex parte reexamination as over two years. (*Id*. at PageID #1639).

Defendant Unique replies that Plaintiff must demonstrate that it will be harmed and that it needs to establish a harm other than the delay itself. (ECF No. 59, PageID #5).[2] Defendant Unique argues that the ex parte reexamination process will take less than two years and the USPTO will

---

[2] ECF No. 59 does not have headers identifying the PageID numbers, so the page number references the internal pagination of that document.

decide whether to institute reexamination around June 2, 2024. (*Id*. at PageID #2–3). As of the date of this decision, the Court has not received any notification that the USPTO has decided to institute reexamination.

Defendant Unique is correct that the court in *A. Schulman, Inc. v. PolyOne Corporation*, 2015 WL 12763625, *2 (N.D. Ohio Dec. 11, 2015) found, "[d]elay due to the reexamination process is not itself a reason to find prejudice against plaintiff." (*citing Allied Erecting and Dismantling Co., Inc., v. Genesis Equip. and Mfrg., Inc.,* 2010 WL 3239001, *2 (N.D. Ohio Aug. 16, 2010) ("While some prejudice to Plaintiffs is inherent in any delay, this alone is not sufficient to prevent a stay. If it were, few if any patent cases would be stayed pending reexamination by the PTO.")). The analysis for prejudice in *A. Schulman* differs from the analysis of undue prejudice in this case because the reexamination proceedings in *A. Schulman* were underway for three months before the plaintiff filed its lawsuit. *Id*. This case was filed on March 3, 2022 (ECF No. 1) and Defendant Unique did not file for ex parte reexamination until May 2, 2024. (ECF No. 55).

In a recent case in this district, the court found that the average length of ex parte reexamination is over two years, and that outcome can be administratively appealed and then appealed to the Federal Circuit, which can take over four years altogether. *Tervez LLC v. Yueyang Aerospace New Materials Co., Ltd.*, 2021 WL 3772638, *2 (N.D. Ohio Aug. 25, 2021). The court held, "[a] delay of this length is inherently prejudicial when the accused infringer is a direct competitor of the accuser." *Id*. Plaintiff asserts that Defendant Unique is in direct competition with Plaintiff. (ECF No. 58, PageID #1638–40). Plaintiff's first amended complaint supports this contention by seeking a permanent injunction against Defendants related to allegedly infringing products and products in competition with Plaintiff's GSB-88. (ECF No. 24, PageID 213). In its motion, Defendant Unique does not challenge the contention that the parties are direct competitors,

4

but it simply argues that any effects of continued competition between the parties is insufficient to establish undue prejudice. (ECF No. 56, PageID #4). Thus, the Court will assume for purposes of consideration of the request for a stay that the parties are direct competitors.

The parties also do not significantly disagree on how much time ex parte reexamination could take. Plaintiff cites that the average pendency of ex parte reexamination is 25.2 months. (ECF No. 58, PageID #1635). Defendant Unique contends that the average pendency is 22.58 months (ECF No. 59, PageID #3), which is less than three months different than the time claimed by Plaintiff. In sum, ex parte reexamination could take about two years, which was the approximate time previously contemplated by the court in *Tervez*. As there is no evidence to the contrary, the Court concurs with the holding in *Tervez* that the length of this delay is inherently prejudicial when, as here, Defendant is a direct competitor of Plaintiff. This is especially true in a case like this, in which ex parte reexamination was requested more than two years after the case was filed.

Neither party addressed the potential for undue prejudice to Defendant Young. There are two counts raised against Defendant Young, breach of contract (count one) and misappropriation of trade secrets (count five). (ECF No. 24, PageID #199–203). If the time for ex parte reexamination and the subsequent appeals takes about four years, as noted by the court in *Tervez*, then Defendant Young may be in limbo for an additional four years with no progress toward resolving the claims against him. The undue prejudice that Plaintiff and Defendant Young would suffer weighs against a stay of these proceedings.

2. *Simplification of Issues*

Defendant Unique argues, "[r]egardless of the outcome of this reexamination, a stay will simplify the issues presented in this litigation." (ECF No. 56, PageID #5). Defendant Unique

5

contends that even if the USPTO does not invalidate or amend any of the patent's claims, the reexamination records will reduce the length and complexity of this case. (*Id*. at PageID #5–6).

Plaintiff notes that, unlike an IPR, there is no estoppel that would preclude Defendant Unique from raising the same grounds set forth in its reexamination request if all the patent claims survive. (ECF No. 58, PageID #1640). Plaintiff also argues that any potential for simplification would not affect five of the eight counts in the first amended complaint because they do not relate to patent infringement. (*Id*. at PageID #1640–41). A stay would just delay resolution of those claims because any possible reexamination outcomes would not simplify any portion of them. (*Id*. at PageID #1641).

Defendant Unique contends that the USPTO grants 92.3% of requests for ex parte reexamination and of those reexaminations, 78.4% have some claims modified. (ECF No. 59, PageID #3). Defendant Unique also maintains that if any of the claims are amended during reexamination proceedings, then claim construction would need to be redone. (*Id*. at PageID #4).

The percentages cited by Defendant Unique reveal there is a chance that some claim in Plaintiff's '097 patent could be modified if the USPTO institutes ex parte reexamination. That chance does not guarantee that any potential modification would affect the outcome of the patent claims in this case or affect the Court's claim construction analysis. Defendant Unique cites to *A. Schulman, Inc. v. PolyOne Corporation*, 2015 WL 12763625, *2 (N.D. Ohio Dec. 11, 2015) for the proposition that claim construction would need to be redone if any of the claims are amended. (ECF No. 59, PageID #4). Briefing for the claim construction hearing is already complete in this case, so the Court is aware what claims are at issue. Claims 4–7 and claim 10 of patent '097 are not at issue in the six disputed claim terms for claim construction. (ECF No. 45). In its request for ex parte reexamination, Defendant Unique requested reexamination of all fourteen claims in

patent '097. (ECF No. 55, PageID #1536). Without knowing if ex parte reexamination will be instituted or what claims, if any, would be reexamined, the Court can only speculate that ex parte reexamination would cause claim construction to be redone. At the Court's May 23, 2024 status conference with all parties, Plaintiff's counsel noted that, in his experience, if any claims are modified during ex parte reexamination after claim construction has concluded, the parties can brief whether it affects the Court's claim construction or not. Consequently, if a claim is modified during reexamination, it does not necessarily follow that claim construction would need to be redone in this case.

Defendant Unique cites to *Golden Rule Fasteners v. Oatey Co.*, 2019 WL 2330474, *3 (N.D. Ohio May 31, 2019) for the proposition that even if the patent claims emerge unscathed from reexamination that, "the USPTO's expert impression about the patents and the innovations will be valuable to the court in its own consideration of the related matters." The Court benefits from any expert impression by the USPTO. However, unlike IPR, there is no estoppel in ex parte reexamination that would preclude Defendant Unique from raising the same arguments and defenses previously considered by the USPTO. *A. Schulman, Inc. v. PolyOne Corporation*, 2015 WL 12763625, at *2 ("defendant correctly notes that the USPTO determinations will not have a preclusive effect"). If no claims are modified, then no issues will be simplified.

Plaintiff's first amended complaint raises three claims of patent infringement against Defendant Unique. (ECF No. 24, PageID #203–12). The remaining five counts do not rely on patent infringement and would be unaffected by the outcome of ex parte reexamination. As discussed above, a stay would unnecessarily drag out resolution of those claims, which will be unaffected by ex parte reexamination. This factor does not weigh in favor of a stay.

*3. Stage of Litigation*

Defendant Unique argues that this case is still in its early stages and that courts have stayed cases at similar stages pending reexamination. (ECF No. 56, PageID #6). Plaintiff contends that this case has made steady progress until the continuance of the claim construction hearing. (ECF No. 58, PageID #1634–35). The case has been pending for over 26 months. (*Id*. at PageID #1635). Plaintiff affirms that it is ready to move forward with depositions in anticipation of the fact discovery period closing following the claim construction hearing. (*Id*. at PageID #1636). In reply, Defendant Unique cites to the fact that "the claim-construction hearing is not yet scheduled" in support of its contention that this case is at an early enough stage to support a stay. (ECF No. 59, PageID #2).

The claim construction hearing was originally scheduled in late February 2024 (ECF No. 38) and was moved to April 17, 2024 as a result of a scheduling conflict. In a February 16, 2024 joint status report, the parties indicated that they had completed briefing the claim-construction issues and were preparing for the claim construction hearing. (ECF No. 47). There was no indication until March 19, 2024 that Defendant Unique was requesting any type of USPTO review. The only reason the claim construction hearing did not take place on April 17, 2024 was to allow Defendant Unique time to prepare and file its IPR petition, which it failed to do. The Court does not agree with Defendant Unique's contention that this case is in its early stages because the claim construction hearing has not taken place and further deadlines that are dependent upon claim construction have not yet passed. Defendant Unique cannot cause a delay and then rely on that delay to further delay this case.

Defendant Unique cites to *01 Communique Lab., Inc. v. Citrix Sys*., 2008 WL 696888 (N.D. Ohio March 12, 2008) when noting that this Court has stayed cases at similar stages pending

8

reexamination. That case identifies only a patent infringement claim and a counterclaim for declaratory judgment that the patent is unenforceable. *Id*. at *1. It involved inter partes reexamination (a predecessor of IPR)³ and, despite noting the numerous pending motions in the case, did not specify what the stage of litigation was. *Id*. at *1–2. The Court does not find the facts of *Citrix* analogous to this case.

The Court finds *Woodstream Corp v. Nature's Way Bird Products, LLC*, 2023 WL 6446059, *2 (N.D. Ohio Oct. 3, 2023) to be similar to this case in terms of the stage of litigation. In *Woodstream*, "[t]he parties' claim constructions [were] fully briefed and await[ing] disposition," so the Court found "[a] stay would disrupt the efforts already expended by both parties towards this case's resolution, and thus, this factor also weighs against a stay." *Id*. The Court concurs with the analysis in *Woodstream*. This factor weighs against a stay of these proceedings.

### IV. Conclusion

Defendant Unique never filed an IPR petition, so the Court **DENIES** the original motion to stay as **MOOT**. (ECF No. 48). In considering Defendant Unique's renewed motion to stay, the factors in this case weigh against the entry of a stay. Defendant Unique's renewed motion to stay is **DENIED**. (ECF No. 56). The claim construction hearing is scheduled for September 17, 2024 at 12:00 p.m. in Courtroom 17A. The parties shall have 3.5 hours total for the hearing.

**IT IS SO ORDERED**.

Dated: July 10, 2024

                                                       **HONORABLE CHARLES E. FLEMING**
                                                       **UNITED STATES DISTRICT JUDGE**

---

[3] "[I]n 2011 Congress repealed inter partes reexamination and replaced it with inter partes review." *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348, 1353 (2018) (*citing* 35 U.S.C. §§ 311–319).