**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| ASPHALT SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIQUE PAVING MATERIALS, CORP., )<br>*et al.*, )<br>)<br>Defendants. ) | CASE NO. 1:22-cv-355<br><br>JUDGE CHARLES E. FLEMING<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

### I. Procedural History

On August 9, 2024, Defendant Unique Paving Materials, Corp. moved the Court to reconsider its July 10, 2024 denial of Defendant Unique's renewed motion to stay. (ECF No. 63). Defendant Unique argues that the Court should reconsider its decision because the Patent Trial and Appeal Board ("PTAB") granted ex parte reexamination as to claims 1–14 of Plaintiff's '097 patent. (*Id*. at PageID #1801). Defendant Unique also contends that Plaintiff would not experience prejudice if the stay is granted because there is no longer any conduct to enjoin; it purportedly no longer uses any allegedly infringing products. (*Id*. at PageID #1803).

On August 23, 2024, Plaintiff opposed the motion for reconsideration. (ECF No. 64). Plaintiff contests that Defendant Unique has not identified a change in law, new evidence, or manifest injustice to warrant reconsideration of the Court's prior decision. (*Id*. at PageID #1827). Defendant Unique replies that the grant of ex parte reexamination qualifies as newly discovered evidence because the outcome of its request was not available to the Court prior to the July 10, 2024 order. (ECF No. 65, PageID #1832–33).

1

## II. Legal Standard

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders.  *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004).  The Court has authority under common law and Fed. R. Civ. P. 54(b) to reconsider interlocutory orders as justice requires.  *Id*.  Courts will generally reconsider interlocutory orders when there is, "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Id*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936).  The Court has broad discretion to stay proceedings.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

## III. Analysis

The Court concurs with Defendant Unique.  The granting of ex parte reexamination as to claims 1–14 of the '097 patent constitutes new evidence that was not available at the time the Court issued its July 10, 2024 denial of the renewed motion to stay.  The decision granting ex parte reexamination was not mailed until July 24, 2024.  (ECF No. 63, PageID #1806).  This new evidence warrants reconsideration of the Court's prior decision because there is a possibility that the outcome of ex parte reexamination could affect, or even contradict, any findings the Court made during claim construction.

For the sake of judicial economy, the Court is **GRANTING** Defendant Unique's motion to reconsider and **STAYING** the patent claims in this case. (ECF No. 63).  Thus, the Court **STAYS** the case as to counts six, seven, and eight of Plaintiff's first amended complaint and Defendant Unique's counterclaims.  The September 17, 2024 claim construction hearing is **CANCELED**.

All patent-related case management deadlines are held in abeyance pending the outcome of ex parte reexamination. The remainder of the case will proceed to avoid undue prejudice to Plaintiff and Defendant Young. The parties shall notify the Court immediately when the ex parte reexamination process has concluded.

**IT IS SO ORDERED**.

Dated:  September 13, 2024

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**